UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| _____ ) | |
| UNITED STATES OF AMERICA ) | |
| and the MICHIGAN DEPARTMENT ) | |
| OF ENVIRONMENT, GREAT LAKES, ) | |
| AND ENERGY ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 23-cv-_____ |
| ) | |
| R.J. TORCHING, INC., aka ) | |
| RJ Industrial, LLC or RJ Industrial, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## COMPLAINT

Plaintiffs, the United States of America, at the request of and on behalf of

the Administrator of the United States Environmental Protection Agency ("EPA"),

and the Michigan Department of Environment, Great Lakes and Energy ("EGLE"),

file this complaint and allege as follows:

## NATURE OF ACTION

1.     This is a civil action pursuant to Section 113(b) of the Clean Air Act

("CAA"), 42 U.S.C. § 7413(b), and Section 5530 of Michigan's Natural Resources

and Environmental Protection Act ("NREPA"), M.C.L. § 324.5530, against R. J.

Torching, Inc. ("R.J. Torching" or "Defendant") for civil penalties and injunctive

relief as a result of violations of the following: (1) the State Implementation Plan adopted by the State of Michigan and approved by the EPA pursuant to CAA Section 110, 42 U.S.C. § 7410 ("Michigan SIP"), specifically Rules 301, 310, and 910 of Michigan's Air Pollution Control Rules, Mich. Admin. Code, R 336.1301 (Standards for Density of Emissions), R 336.1310 (Open Burning), and R 336.1910 (Air-Cleaning Devices); and (2) a Consent Order between EPA and Defendant, dated March 31, 2015 ("2015 Consent Order").

## **JURISDICTION, VENUE, AND NOTICE**

2.      This Court has jurisdiction over the subject matter and over the parties pursuant to 28 U.S.C. §§ 1331, 1345, and 1355(a); and CAA Sections 113(b) and 304(a) (1), 42 U.S.C. §§ 7413(b) and 7604(a)(1). In addition, the Court has supplemental jurisdiction over the state law claims of EGLE pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1395(a) and CAA Section 113(b), 42 U.S.C. § 7413(b), because Defendant resides and is found in this District, Defendant's principal place of business is in this District, and some of the alleged violations occurred within this District.

4.      Pursuant to CAA Section 113(a)(1), 42 U.S.C. § 7413(a)(1), EPA notified Defendant and the State of Michigan of the violations of the Michigan SIP alleged in this Complaint more than 30 days prior to the filing of this Complaint.

EPA issued Notices of Violation and Findings of Violation to Defendant on December 18, 2015, December 20, 2017 and June 20, 2019. EGLE issued Violation Notices to Defendant on September 2, 2015, September 8, 2015, May 25, 2016, October 27, 2016, May 23, 2019, July 21, 2020, and September 18, 2023.

## AUTHORITY

5.      The United States Department of Justice has authority to bring this action on behalf of the Administrator of the EPA under 28 U.S.C. §§ 516 and 519 and CAA Section 305(a), 42 U.S.C.  § 7605(a).

6.      EGLE's authority to bring this action derives from Section 304(a)(1) of the CAA, 42 U.S.C. § 7604(a)(1), and Section 5530 of the NREPA, M.C.L. § 324.5530.

## DEFENDANT

7.      Defendant is a corporation organized under the laws of the state of Michigan and has a principal place of business in Flint, Michigan.

8.      Defendant is a "person" within the meaning of CAA Sections 113(b) and 302(e), 42 U.S.C. §§ 7413(b) and 7602(e), and Section 301(h) of the NREPA, M.C.L. § 324.301(h).

## STATUTORY AND REGULATORY BACKGROUND

**A.    National Ambient Air Quality Standards and Michigan SIP**

9.      CAA Section 109(a), 42 U.S.C. § 7409(a), requires the Administrator to publish primary and secondary national ambient air quality standards ("NAAQS") for certain criteria air pollutants. The primary NAAQS are to be adequate to protect the public health, and the secondary NAAQS are to be adequate to protect the public welfare from any known or anticipated adverse effects associated with the presence of the air pollutant in the ambient air. 42 U.S.C. § 7409(b). The NAAQS promulgated by EPA pursuant to this provision are set forth in 40 C.F.R. Part 50.

10.      Particulate matter ("PM") is an "air pollutant" within the meaning of CAA Sections 108 and 302, 42 U.S.C. §§ 7408 and 7602.

11.       Pursuant to CAA Section 109(a) and (b), EPA promulgated regulations that established NAAQS for particulate matter, which are codified at 40 C.F.R. §§ 50.6 and 50.7, and 50.13.

12.      Under CAA Section 110, 42 U.S.C. § 7410, each state is required to adopt and submit to EPA for approval a State Implementation Plan ("SIP") that provides for the implementation, maintenance, and enforcement of NAAQS established under CAA Section 109. Upon EPA's approval, SIP provisions become

4

part of the "applicable implementation plan" for the state within the meaning of CAA Section 302(q), 42 U.S.C. § 7602(q).

13. Pursuant to CAA Section 110, 42 U.S.C. § 7410, the State of Michigan adopted and submitted to EPA various administrative rules that were subsequently approved by EPA and which, taken together, constitute the portion of the SIP for the State of Michigan ("Michigan SIP") relevant to this Civil Action. *See* 40 C.F.R. Part 52, Subpart X.

14. The Michigan SIP regulates PM through a limit on the "opacity" of visible emissions. Opacity is a measure (by percentage) of the amount of light attenuated by PM emissions. Fully transparent stack emissions that do not attenuate light have an opacity of zero percent and opaque stack emissions that block all visible light have an opacity of 100 percent. Opacity is an indicator of the extent of PM emissions.

15. The Michigan SIP limits the emission of PM from various processes or process equipment based on the density of emissions as measured by the emission's opacity. EPA approved Michigan Rule 301, Mich. Admin. Code, R 336.1301, which governs opacity from processes or process equipment in general, as part of the Michigan SIP and a revision thereto.  57 Fed. Reg. 24,752 (June 11, 1992); 71 Fed. Reg. 31093 (June 1, 2006).  EPA approved Michigan

Rule 116, Mich. Admin. Code, R 336.1116, which contains definitions relevant to

Mich. Admin. Code, R336.1301, including "person," "process," and "process

equipment," set forth in Mich. Admin. Code, R 336.1301.  *See* 57 Fed. Reg. 24752

(June 11, 1992);

16.     Specifically, Michigan Rule 301(1), Mich. Admin. Code,

R 336.1301(1), the general PM emission limit in the Michigan SIP, provides that:

> a person shall not cause or permit to be discharged into the outer
> air from a process or process equipment a visible emission of a
> density greater than the most stringent of the following:  (a) a
> 6-minute average of 20% opacity, except for one 6-minute average
> per hour of not more than 27% opacity; (b) a limit specified by an
> applicable federal new source performance standard; (c) a limit
> specified as a condition of a permit to install or permit to operate.

17.     The Michigan SIP defines "person," in part, as an individual, a

company, or a corporation. Mich. Admin. Code, R 336.1116(h).

18.     The Michigan SIP defines "process" as an action, operation, or a

series of actions or operations at a source that emits or has the potential to emit an

air contaminant. Mich. Admin. Code, R 336.1116(q).

19.     The Michigan SIP defines "process equipment" as "all equipment, devices, and auxiliary components, including air pollution control equipment, stacks, and other emission points, used in a process." Mich. Admin. Code, R 336.1116(r).

20.     EPA approved as part of the Michigan SIP, Michigan Rule 310, Mich. Admin. Code R 336.1310, and various revisions thereto, which limits PM emissions by prohibiting open burning. 53 Fed. Reg. 44189 (Nov. 1, 1988); 67 Fed. Reg. 43548 (June 28, 2002); 80 Fed. Reg. 31305 (June 2, 2015). The Michigan SIP defines "open burning" as a fire from which the products of combustion are emitted directly into the outer air without passing through a stack or chimney. Mich. Admin. Code, R 336.1115(b). EPA approved Michigan Rule 115, Mich. Admin. Code R 336.1115; 47 Fed. Reg. 32116 (July 26, 1982); 84 Fed. Reg. 8811 (Mar. 12, 2019).

21.     EPA approved as part of the Michigan SIP, Michigan Rule 910, Michigan Admin. Code R 336.1910, the requirement that "[a]n air-cleaning device shall be installed, maintained, and operated in a satisfactory manner and in accordance with these rules and existing law." *See* 80 Fed. Reg. 31305-06 (June 2, 2015).

22.     The Michigan SIP defines an "air cleaning device" as "air pollution

7

control equipment." Mich. Admin. Code R 336.1101(e).

**B.    CAA and Michigan Enforcement Authorities**

23.    CAA Section 113(a)(1), 42 U.S.C. § 7413(a)(1), authorizes EPA to bring a civil action if the Administrator finds that any person is in violation of, *inter alia*, any requirement or prohibition of an applicable SIP.

24.    CAA Section 113(a)(3), 42 U.S.C. § 7413(a)(3), authorizes EPA to bring a civil action if the Administrator finds that any person is in violation of, inter alia, any requirement of an EPA Order issued pursuant to Section 113(a)(1) or 114(a)(1) of the CAA, 42 U.S.C. § 7413(a)(1) or § 7414(a)(1).

25.    CAA Section 113(b) of the CAA, 42 U.S.C. § 7413(b), as amended by the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, and the Debt Collection Improvement Act, 31 U.S.C. § 3701, provides that any person who fails to comply with the CAA, its implementing regulations, or the applicable SIP shall be subject to civil penalties up to $37,500 per day per violation for violations of the CAA that occurred on or after January 12, 2009 through November 2, 2015, and up to $117,468 per day per violation for each such violation that occurred on or after November 3, 2015 if the penalty is assessed on or after January 6, 2023. *See* 40 C.F.R. § 19.4.

26.    Section 304(a) of the Act, 42 U.S.C. § 7604(a), authorizes any person

to commence a civil action for a violation of an emission standard or limitation.

EGLE is a "person" within the meaning of CAA Section 304. CAA Section 302(e),

42 U.S.C. § 9602(e). EGLE has also provided notice to Defendant and EPA in

accordance with CAA Section 304(b)(1)(A), at least 60 days prior to the filing of

this civil action.

27.     Pursuant to Section 5530 of Part 55 of the NREPA, M.C.L

§ 324.5530, EGLE has independent statutory authority to obtain injunctive relief

and a civil fine of up to $10,000 for each violation of a rule promulgated under Part

55 of the NREPA.

## GENERAL ALLEGATIONS

28.     Defendant owns and/or operates a business that dismantles, collects,

sorts, and sells scrap and waste materials to the automotive, railroad, shipping,

energy and general manufacturing industries, including steel mills.

29.     Until approximately March 31, 2020, Defendant's business had two

facilities that operated torch-cutting operations ("Facilities"). They were located at

G-5167 North Dort Highway, Flint Michigan, 48505 ("Flint Facility") and 989

North Raymond Road, Battle Creek, Michigan, 49104 ("Battle Creek Facility"). In

August 2019, Defendant permanently closed the Battle Creek Facility and no

longer operates torch-cutting operations there. Defendant continues to torch-cut at

the Flint Facility.

30.    Defendant engages in torch cutting scrap metal by open burning at the Flint Facility. In August 2020, Defendant permanently ceased its torch-cutting scrap metal by open burning at the Battle Creek Facility and has thus ceased torch-cutting by open burning.

31.    Defendant's torch-cutting and open burning operations emit pollutants.

32.    On March 31, 2015, EPA and Defendant entered into the 2015 Consent Order, EPA-5-15-113(a)-MI-02, pursuant to Sections 113(a)(1) and 114(a)(1) of the CAA, 42 U.S.C. §§ 7413(a)(1) and 7414(a)(1), to address opacity exceedances of the Michigan SIP, Michigan Rule 301(1)(a), Mich. Admin. Code, R 336.1301(1)(a), from the torch-cutting operations at Defendant's Battle Creek and Flint Facilities. The 2015 Consent Order is attached hereto as Exhibit A.

33.    The 2015 Consent Order requires that Defendant follow a compliance program, including a best management practices program set forth in Appendix A to the Consent Order. The compliance program requires that Defendant, *inter alia*:

    a.    Comply with the Michigan SIP at both of its Facilities as of the Effective Date of the Consent Order, March 31, 2015 (Consent Order, ¶ 21);

    b.    Use the Smoke Particulate Air Reduction Cyclone System

10

("SPARCS") created by Defendant whenever emissions from torch cutting operations are expected to exceed the opacity limit in Rule 301(a) of the Michigan SIP, Mich. Admin. Code, R 336.1301(1)(a) (Consent Order, App. A, Items 10 and 19);

    c.    File semiannual reports for each period ending January 31 and June 30 within 45 days from the end of such period, including:

    (1)    A narrative description of activities Defendant undertook to minimize torch-cutting operations at each Facility;

    (2)    Current site maps for each Facility that include traffic patterns, material storage areas, torch-cutting areas (along with alternative torch cutting areas to be used when wind conditions result in excessive visible emissions), torch-cutting equipment areas, and locations of SPARCS units;

    (3)    Actions Defendant undertook to limit or eliminate traffic in and around the torch-cutting areas at each Facility to minimize emissions of fugitive dust;

    (4)    A description of any evaluation of the feasibility of erecting portable or temporary structures at the Facilities

that are designed to help prevent fugitive emissions from
escaping the properties;

(5)     A description of any preventative maintenance performed
on torch-cutting equipment, including the SPARCS units;
and

(6)     A description of each occurrence when opacity exceeded
the limit in Rule 301(1)(a) of the Michigan SIP, Mich.
Admin. Code, R 336.1301(1)(a), during torch-cutting
operations, including an explanation of the likely cause
of the exceedance and the remedial steps taken to prevent
or minimize further exceedances.

34.     EPA inspected the Battle Creek Facility on September 28, 2017, May
2, 2018, and May 8, 2019, and the Flint facility on August 27, 2015, and
September 27, 2017.

35.     EGLE inspected the Battle Creek Facility on October 25, 2016 and
May 8, 2019, and the Flint Facility on August 27, 2015, September 1, 2015, May
24, 2016, September 27, 2017, April 18, 2018, May 4, 2020, and August 30, 2023.

36.     On December 18, 2015, EPA issued a Notice of Violation and Finding
of Violation ("NOV/FOV"), No. EPA-5-16-MI-01 (the "2015 NOV/FOV"), to

Defendant for violations of the 2015 Consent Order at the Facilities. A copy of the 2015 NOV/FOV is attached to this Complaint as Exhibit B.

37.     On December 20, 2017, EPA issued an NOV/FOV, No. EPA-5-18-MI-01 (the "2017 NOV/FOV"), to Defendant for violations of the Michigan SIP and the 2015 Consent Order at the Facilities. A copy of the 2017 NOV/FOV is attached to this Complaint as Exhibit C.

38.     On June 20, 2019, EPA issued an NOV/FOV, No. EPA-5-19-MI-07 (the "2019 NOV/FOV"), to Defendant for violations of the Michigan SIP and the 2015 Consent Order at the Facilities. A copy of the 2019 NOV/FOV is attached to this Complaint as Exhibit D.

39.     On September 2, 2015, EGLE issued a Violation Notice (the "September 2, 2015 VN") to Defendant for violations of, among other things, Michigan Rule 301(1)(a) at the Flint Facility. A copy of the September 2, 2015 VN is attached to this Complaint as Exhibit E.

40.     On September 8, 2015, EGLE issued a Violation Notice (the "September 8, 2015 VN") to Defendant for violations of, among other things, Michigan Rule 310(1) at the Flint Facility. A copy of the September 8, 2015 VN is attached to this Complaint as Exhibit F.

41.     On May 25, 2016, EGLE issued a Violation Notice (the "May 25, 2016 VN") to Defendant for violations of, among other things, Michigan Rule 301(1)(a) at the Flint Facility. A copy of the May 25, 2016 VN is attached to this Complaint as Exhibit G.

42.     On October 27, 2016, EGLE issued a Violation Notice (the "October 27, 2016 VN") to Defendant for violations of, among other things, Michigan Rule 301(1)(a) at the Battle Creek Facility. A copy of the October 27, 2016 VN is attached to this Complaint as Exhibit H.

43.     On May 23, 2019, EGLE issued a Violation Notice (the "May 23, 2019 VN") to Defendant for violations of, among other things, Michigan Rule 310(1) at the Battle Creek Facility. A copy of the May 23, 2019 VN is attached to this Complaint as Exhibit I.

44.     On September 18, 2023, EGLE issued a Violation Notice (the "September 18, 2023 VN") to Defendant for violations of, among other things, Michigan Rule 910(1) at the Flint Facility. A copy of the September 18, 2023 VN is attached to this Complaint as Exhibit J.

## FIRST CLAIM FOR RELIEF
(Opacity Limit Michigan SIP Violations at Flint Facility)

45.     The Plaintiffs reallege and incorporate by reference Paragraphs 1-44 as if fully set forth herein.

14

46.     The Michigan SIP limits opacity from Defendant's operations to 20 percent (excluding one 6-minute average per hour of not more than 27 percent). Mich. Admin. Code, R 336.1301(1).

47.     On several occasions between August 27, 2015 and May 4, 2020, including but not limited to those dates and times listed in NOV/FOVs issued by EPA and VNs issued by EGLE, Defendant caused or allowed visible emissions of particulate matter from the torch-cutting operations at the Flint Facility to exceed twenty percent opacity in violation of the Michigan SIP, Mich. Admin. Code, R 336.1301(1). These violations have continued and, upon information and belief, are likely to continue.

48.     Unless restrained by an order of this Court, Defendant's violations of the Michigan SIP, Mich. Admin. Code, R 336.1301, as set forth in this Claim for Relief, are likely to continue.

49.      Pursuant to CAA Section 113(b), 42 U.S.C. § 7413(b) and 40 C.F.R. § 19.4, Defendant is liable for injunctive relief and civil penalties not to exceed the amounts set forth in Paragraphs 25 and 27 above.

## SECOND CLAIM FOR RELIEF
(Opacity Limit Michigan SIP Violations at the Battle Creek Facility)

50.     The Plaintiffs reallege and incorporate by reference Paragraphs 1-44 as if fully set forth herein.

51.     The Michigan SIP limits opacity from Defendant's operations to 20 percent (excluding one 6-minute average per hour of not more than 27 percent). Mich. Admin. Code, R 336.1301(1).

52.     On several occasions between October 25, 2015 and June 20, 2019, including but not limited to those dates and times listed in NOV/FOVs issued by EPA and VNs issued by EGLE, Defendant caused or allowed visible emissions of particulate matter from the torch-cutting operations at the Battle Creek Facility to exceed twenty percent opacity in violation of the Michigan SIP, Mich. Admin. Code, R 336.1301(1). These violations were continuous during this period of time.

53.     Pursuant to CAA Section 113(b), 42 U.S.C. § 7413(b) and 40 C.F.R. § 19.4, Defendant is liable for civil penalties not to exceed the amounts set forth in amounts set forth in Paragraphs 25 and 27 above.

### THIRD CLAIM FOR RELIEF
(Open Burning Michigan SIP Violations at the Flint Facility)

54.     The Plaintiffs reallege and incorporate by reference Paragraphs 1-44 as if fully set forth herein.

55.     The Michigan SIP prohibits open burning, defined as a fire from which the products of combustion are emitted directly into the outer air without passing through a stack or chimney. Mich. Admin. Code R 336.1310(1), R 336.1115(b).

16

56.     On at least one occasion (September 1, 2015), Defendant caused or allowed cast iron and rubber material to smolder at the Flint Facility without passing through a chimney or stack, constituting open burning, in violation of the Michigan SIP, Mich. Admin. Code, R 336.1310(1). Upon information and belief, there have been subsequent violations and the violations are likely to continue.

57.     Unless restrained by an order of this Court, Defendant's violations of the Michigan SIP, Mich. Admin. Code, R 336.1310(1), as set forth in this Claim for Relief, are likely to continue.

58.      Pursuant to CAA Section 113(b), 42 U.S.C. § 7413(b) and 40 C.F.R. § 19.4, Defendant is liable for injunctive relief and civil penalties not to exceed the amounts set forth in Paragraphs 25 and 27 above.

### FOURTH CLAIM FOR RELIEF
(Open Burning Violations at the Battle Creek Facility)

59.     The Plaintiffs reallege and incorporate by reference Paragraphs 1-44 as if fully set forth herein.

60.     The Michigan SIP at Mich. Admin. Code R 336.1310(1), prohibits open burning, defined as a fire from which the products of combustion are emitted directly into the outer air without passing through a stack or chimney. Mich. Admin. Code, R 336.1115(b).

61.     On at least two occasions, on September 28, 2017 and May 8, 2019,

17

Defendant caused or allowed cast iron and non-metallic material to smolder at the

Battle Creek Facility without passing through a chimney or stack, constituting

open burning, in violation of the Michigan SIP, Mich. Admin. Code,

R 336.1310(1).

62.     Pursuant to CAA Section 113(b), 42 U.S.C. § 7413(b) and 40 C.F.R.

§ 19.4, Defendant is liable for civil penalties not to exceed the amounts set forth in

Paragraphs 25 and 27 above.

## FIFTH CLAIM FOR RELIEF
### (Failure to Operate Air-Cleaning Device in a Satisfactory Manner)

63.     The Plaintiffs reallege and incorporate by reference Paragraphs 1-44

as if fully set forth herein.

64.     The Michigan SIP requires that "[a]n air-cleaning device shall be

installed, maintained, and operated in a satisfactory manner and in accordance with

the [Michigan SIP] and existing law. Mich. Admin. Code, R 336.1910.

65.     On August 30, 2023, Defendant operated an air-cleaning device, as

defined in Mich. Admin. Code R 336.1101(e), at the Flint Facility to control

emissions from its torch-cutting operations.

66.     On August 30, 2023, Defendant caused or allowed torch-cutting

operations to take place at or outside of the opening of the air-cleaning device,

allowing excess uncontrolled visible emissions of particulate matter from the

torch-cutting operations to escape from the air-cleaning device.

67.    Unless restrained by an order of this Court, Defendant's violations of the Michigan SIP, Mich. Admin. Code, R 336.1910, as set forth in this Claim for Relief, are likely to continue.

68.    Pursuant to CAA Section 113(b), 42 U.S.C. § 7413(b) and 40 C.F.R. § 19.4, Defendant is liable for injunctive relief and civil penalties not to exceed the amounts set forth in Paragraphs 25 and 27 above.

## SIXTH CLAIM FOR RELIEF
(Claim by the United States for Violations of
the 2015 Consent Order at Both Facilities)

69.    The United States realleges and incorporates by reference Paragraphs 1-68 as if fully set forth herein.

70.    The 2015 Consent Order requires that Defendant follow a compliance program, including a best management practices program set forth in Appendix A to the 2015 Consent Order.

71.    Defendant violated the 2015 Consent Order on several occasions at the Flint and/or Battle Creek Facilities, between August 27, 2015 and August 30, 2023, including, but not limited to the following:

(a)    Defendant failed to comply with the Michigan SIP as of the Effective Date of the 2015 Consent Order, March 31, 2015, as described in the

First through Fifth Claims for relief set forth above, in violation of Paragraph 21 of the Consent Order;

        (b)     Defendant failed to use the SPARCS system, whenever emissions from torch cutting operations are expected to exceed the opacity limit in Mich. Admin. Code, R 336.1301(1)(a) of the Michigan SIP (App. A, Items 10 and 19); and

        (c)     Defendant failed to submit the semiannual report due on August 14, 2015, for both of its Facilities, in violation of Paragraph 25 of the Consent Order.

72.    Unless restrained by an order of this Court, the violations described in Paragraph 71(a), above, have continued, and upon information and belief, are likely to continue at the Flint Facility.

73.    Pursuant to CAA Section 113(b), 42 U.S.C. § 7413(b) and 40 C.F.R. § 19.4, Defendant is liable to the United States for injunctive relief at the Flint Facility and civil penalties at both the Battle Creek and Flint Facilities not to exceed the amounts set forth in Paragraphs 25 and 27 above.

## **PRAYER FOR RELIEF**

WHEREFORE, based upon all of the allegations set forth above, Plaintiffs respectfully request that this Court:

1.      Permanently enjoin Defendant from further violations, as they pertain to the Flint Facility, of the Clean Air Act and applicable requirements established thereunder, including the Michigan SIP described above;

2.      Permanently enjoin Defendant from further violations, as they pertain to the Flint Facility, of Paragraph 21 of the 2015 Consent Order;

3.      Assess civil penalties against Defendant for its violations of the Clean Air Act, including the Michigan SIP and the 2015 Consent Order not to exceed $37,500 per day for each violation that occurred after January 12, 2009 through November 2, 2015, and $117,468 per day per violation for each such violation that occurred on or after November 3, 2015 where penalties are assessed on or after January 6, 2023;

4.      Provide relief to the Plaintiffs and against Defendant to mitigate the environmental harm caused by Defendant's excess emissions;

5.      Enter judgment in favor of Plaintiffs and against Defendant;

6.      Award the Plaintiffs their costs and disbursements for this action; and

7.      Grant such other relief as the Court deems just and proper.

                            Respectfully Submitted,

                            FOR THE UNITED STATES OF AMERICA

                            TODD KIM
                            Assistant Attorney General
                            Environmental and Natural Resources Division
                            U.S. Department of Justice

                              _s/ Steven D. Ellis_____
                            STEVEN D. ELLIS (Colorado Bar No. 12255)
                            Senior Counsel
                            Environmental Enforcement Section
                            Environment and Natural Resources Division
                            U.S. Department of Justice
                            Ben Franklin Station, PO Box 7611
                            Washington, DC  20044
                            Tel: (202) 514-3163
                            Email: steven.ellis@usdoj.gov

DAWN N. ISON
United States Attorney


JOHN POSTULKA (P71881)
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI  48226
Tel: (313) 226-9118
Email: John.Postulka2@usdoj.gov


OF COUNSEL;
LOUISE GROSS
Associate Regional Counsel
U.S. Environmental Protection
Agency-Region 5
77 West Jackson Blvd.
Chicago, IL 60604-3507
(312) 886-6844
Email: gross.louise@epa.gov

FOR THE MICHIGAN DEPARTMENT OF
ENVIRONMENT, GREAT LAKES, AND
ENERGY


BY:   s/ with the Consent of Elizabeth A. Morrisseau
      ELIZABETH A. MORRISSEAU
      Assistant Attorney General
      Michigan Department of Attorney General
      Environment, Natural Resources, and Agriculture
        Division
      P.O. Box 30755
      Lansing, MI 48909
      Phone:  (517) 335-7664
      Email: MorrisseauE@michigan.gov

24