UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>and the MICHIGAN DEPARTMENT<br>OF ENVIRONMENT, GREAT LAKES,<br>AND ENERGY<br><br>  Plaintiffs,<br><br>  v.<br><br>R.J. TORCHING, INC., aka RJ Industrial<br>LLC or RJ Industrial,<br><br>  Defendant. | Civil Action No. 23-cv-_____ |

# EXHIBIT B TO COMPLAINT:

# EPA 2015 NOTICE OF VIOLATION



UNITED STATES ENVIRONMENTAL PROTECTION AGENCY
REGION 5
77 WEST JACKSON BOULEVARD
CHICAGO, IL 60604-3590

DEC 18 2015

REPLY TO THE ATTENTION OF:

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Jason Roughton
President
RJ INDUSTRIAL
5061 Energy Drive
Flint, Michigan 48505

Re: Notice of Violation and Finding of Violation
    RJ INDUSTRIAL
    Battle Creek and Flint, Michigan

Dear Mr. Roughton:

The U.S. Environmental Protection Agency is issuing the enclosed Notice of Violation and Finding of Violation (NOV/FOV) to RJ INDUSTRIAL (you) under Section 113(a)(1) and (3) of the Clean Air Act (the CAA), 42 U.S.C. § 7413(a)(1) and (3). We find that you have violated both the Michigan State Implementation Plan and Administrative Consent Order EPA-5-15-113(a)-MI-02 at your Battle Creek and Flint, Michigan facilities.

Section 113 of the CAA gives us several enforcement options. These options include issuing an administrative compliance order, issuing an administrative penalty order, and bringing a judicial civil or criminal action.

We are offering you an opportunity to confer with us about the violations alleged in the NOV/FOV. The conference will give you an opportunity to present information on the specific findings of violation, the efforts you have taken to comply, and the steps you will take to prevent future violations. In addition, to make the conference more productive, we encourage you to submit to us information responsive to the NOV/FOV prior to the conference date.

Please plan for your facility's technical and management personnel to attend the conference to discuss compliance measures and commitments. You may have an attorney represent you at this conference.

The EPA contact in this matter is Ray Cullen. You may call him at (312) 886-0538 to request a conference. You should make this request within 10 calendar days following receipt of this letter. We should hold any conference within 30 calendar days following receipt of this letter.

Sincerely,

George T. Czerniak
Director
Air and Radiation Division

Enclosure


cc:   Mary Douglas, MDEQ
      Tom Hess, MDEQ

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY
REGION 5

| | |
|---|---|
| IN THE MATTER OF: | ) |
| | ) |
| RJ INDUSTRIAL | ) NOTICE OF VIOLATION and |
| Flint, Michigan | ) FINDING OF VIOLATION |
| | ) |
| Proceedings Pursuant to | ) EPA-5-16-MI-01 |
| Section 113(a)(1) and (3) of the | ) |
| Clean Air Act, 42 U.S.C. | ) |
| § 7413(a)(1) and (3) | ) |

## NOTICE AND FINDING OF VIOLATION

The U.S. Environmental Protection Agency is issuing this Notice of Violation and Finding of Violation (NOV/FOV) to RJ INDUSTRIAL (RJ), for violations of the Michigan State Implementation Plan (SIP) and Administrative Consent Order EPA-5-15-113(a)-MI-02 (Order) at its Battle Creek and Flint, Michigan facilities.

EPA is issuing this NOV/FOV pursuant to Section 113(a)(1) and (3) of the Clean Air Act (CAA), 42 U.S.C. §§ 7413(a)(1) and 7413(a)(3). The authority to issue this NOV/FOV has been delegated to the Regional Administrator of EPA, Region 5, and redelegated to the Director, Air and Radiation Division.

### Statutory and Regulatory Background

1. Each state must submit to the Administrator of EPA a plan for attaining and maintaining the National Ambient Air Quality Standards under Section 110 of the CAA, 42 U.S.C. § 7410.

2. On June 11, 1992, EPA approved R336.1301 as part of the federally enforceable Michigan State Implementation Plan (SIP). 57 *Fed. Reg.* 24752 (June 11, 1992). On June 1, 2006, EPA approved a revision to R336.1301. 71 *Fed. Reg.* 31093 (June 1, 2006). R336.1301 first became federally enforceable on July 13, 1992, and the SIP revision became federally enforceable on July 3, 2006.

3. R336.1301(1)(a) requires, in part, that a person shall not cause or permit to be discharged into the outer air from a process or process equipment visible emissions (VE) of a density greater than a 6-minute average of 20 percent opacity, except for one 6-minute average per hour of not more than 27 percent opacity.

4. On June 28, 2002, EPA approved R336.1310 as part of the federally enforceable Michigan State Implementation Plan (SIP). 67 *Fed. Reg.* 43548 (June 28, 2002). R336.1310 became federally enforceable on August 27, 2002.

5. R336.1310(1) requires, in relevant part, that a person shall not cause or permit open burning of refuse, garbage, or any other waste materials.

6. On June 11, 1992, EPA approved definitions in R336.1101 and R336.1116 as part of the federally enforceable Michigan SIP. 57 *Fed. Reg.* 24752 (June 11, 1992).

7. On July 26, 1982, EPA approved definitions in R336.1115 as part of the federally enforceable Michigan SIP. 47 *Fed. Reg.* 32116 (July 26, 1982).

8. R336.1101 defines "air contaminant" as a dust, fume, gas, mist, odor, smoke, vapor, or any combination thereof.

9. R336.1115 defines "open burning" as a fire from which the products of combustion are emitted directly into the outer air without passing through a stack or chimney.

10. R336.1116 defines "person," in part, as an individual, a company, or a corporation.

11. R336.1116 defines "process" as an action, operation, or a series of actions or operations at a source that emits or has the potential to emit an air contaminant.

12. R336.1116 defines "process equipment" as all equipment, devices, and auxiliary components, including air pollution control equipment, stacks, and other emission points, used in a process.

13. On March 31, 2015, EPA issued to RJ the Order, resolving Notices of Violations that EPA issued to RJ on March 25, 2011, and December 20, 2013, for alleged exceedances of the VE opacity limit of R336.1301(1)(a) of the Michigan SIP from the torch-cutting operations at its Battle Creek and Flint facilities, respectively.

14. The Order, at paragraph 21, requires that RJ shall achieve, demonstrate, and maintain compliance with the Michigan SIP at its Battle Creek and Flint facilities by March 31, 2015.

15. The Order, at paragraph 22, requires that RJ shall comply with the best management practices for torch-cutting operations, as described in Appendix A of the Order, at its Battle Creek and Flint facilities.

16. The Order, at paragraph 23, requires that RJ shall develop a training program and shall require all of its employees who conduct torch cutting, in addition to the appropriate supervisors and managers, to complete training on all aspects of the best management practices for torch-cutting operations, as described in Appendix A of the Order, including proper and safe operation of torch-cutting equipment and the RJ Industrial Manufacturing's Smoke Particulate Air Reduction Cyclone System (SPARCS) units no later than April 30, 2015.

17. The Order, at paragraph 25, requires that RJ shall submit to EPA by August 14, 2015, a semiannual report for the preceding 6-month period that shall include a discussion of RJ's progress in satisfying the best management practices for torch-cutting operations, as described in Appendix A of the Order, at its Battle Creek and Flint facilities.

18. The Order, at Appendix A, paragraph 8, requires that RJ shall ensure that its employees are aware of what materials are likely to produce higher VEs when torch cut and shall develop protocols to manage VEs when cutting those materials.

19. The Order, at Appendix A, paragraph 10, requires that RJ shall utilize the SPARCS units, which are designed to reduce opacity from torch-cutting operations. SPARCS is an emission control technology, which, if properly maintained and utilized, should result in significant reduction of particulate emissions and opacity from torch-cutting operations to comply with the CAA and R336.1301 of the Michigan SIP.

20. The Order, at Appendix A, paragraph 13, requires that RJ shall conduct good housekeeping practices in the torch-cutting areas to eliminate, to the extent practicable, foreign material that could create VEs if it is in contact with torch flames.

21. The Order, at Appendix A, paragraph 17, requires that RJ shall ensure that scrap to be torch cut is drained of all fluids, has had all non-metal material removed, to the extent practicable, and has been properly and thoroughly cleaned prior to torch cutting.

22. The Order, at Appendix A, paragraph 19, requires that RJ shall conduct torch cutting in a SPARCS unit at any time when, due to the scrap's metallurgical properties and size, emissions are expected to exceed the VE limit in R336.1301(1)(a) of the Michigan SIP.

## Findings of Fact

23. RJ owns and operates scrap collection and processing facilities at 989 North Raymond Avenue, Battle Creek, Michigan (the Battle Creek facility) and G-5167 North Dort Highway, Flint, Michigan (the Flint facility), where it conducts torch cutting of metal scrap.

24. RJ is a "person," as that term is defined at R336.1116.

25. Torch cutting is a "process," as that term is defined at R336.1116.

26. Emissions from torch cutting at the Battle Creek and Flint facilities are "air contaminants," as that term is defined at R336.1101, and are subject to R336.1301.

27. On August 27, 2015, the Michigan Department of Environmental Quality (MDEQ) conducted VE readings in accordance with EPA Method 9 of RJ's torch cutting operations at the Flint facility.

28. RJ had four instances at the Flint facility on August 27, 2015, when it exceeded the VE opacity limit of R336.1301(1)(a):

    a. 12:35:00-12:40:45 pm (50.6%);
    b. 12:41:00-12:46:45 pm (40.0%);
    c. 12:47:15-12:53:00 pm (28.8%); and
    d. 12:53:15-12:59:00 pm (27.1%).

29. On September 1, 2015, MDEQ conducted an inspection of the Flint facility and observed that after ceasing torching operations, RJ allowed cast iron and rubber material to smolder, causing smoke.

30. RJ has not yet submitted to EPA the semiannual report that was due by August 14, 2015, for its Battle Creek and Flint facilities.

### Violations

31. The VE readings described in paragraph 28, above, exceed the limit and constitute violations of R336.1301(1)(a).

32. The VE readings described in paragraph 28, above, constitute violations of paragraphs 21, 22, and 23 of the Order, and paragraphs 8, 10, and 19 of Appendix A of the Order.

33. The open burning described in paragraph 29, above, constitutes a violation of R336.1310(1).

34. The open burning described in paragraph 29, above, constitutes violations of 21, 22, and 23 of the Order, and paragraphs 13 and 17 of Appendix A of the Order.

35. RJ's failure to submit to EPA the semiannual report that was due by August 14, 2015, for its Battle Creek and Flint facilities constitutes a violation of paragraph 25 of the Order.

### Environmental Impact of Violations

36. Violations of opacity regulations increase public exposure to unhealthy particulate matter. Acute respiratory effects of the inhalation of particulate matter include narrowing of the airways and asthma attacks. Chronic respiratory effects include damage to lung tissue, increased pulmonary resistance, and fibrotic changes in lung tissue. Increased pulmonary resistance and fibrosis may lead to cardiovascular impairment.

12/15/15
Date

George T. Czerniak
Director
Air and Radiation Division

4

## CERTIFICATE OF MAILING

I, Kathy Jones, certify that I sent a Finding of Violation, No. EPA-5-16-MI-01, by Certified Mail, Return Receipt Requested, to:

Jason Roughton
President
RJ INDUSTRIAL
5061 Energy Drive
Flint, Michigan 48505

I also certify that I sent copies of the Finding of Violation by first class mail to:

Mary Douglas
Supervisor
Michigan Department of Environmental Quality
Kalamazoo District
7953 Adobe Road
Kalamazoo, Michigan 49009-5026

Tom Hess
Chief
Michigan Department of Environmental Quality
Air Quality Division
P.O. Box 30260
Lansing, Michigan 48909

On the 22 day of December 2015.

Kathy Jones
Program Technician
AECAB, PAS

Certified Mail Receipt Number: 7014 2870 0001 9581 4618