UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and the MICHIGAN DEPARTMENT OF ENVIRONMENT, GREAT LAKES, AND ENERGY | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 20-cv-_____ ) |
| R.J. TORCHING, INC., aka RJ Industrial LLC or RJ Industrial, | ) ) ) |
| Defendant. | ) ) |

# EXHIBIT H:

# EGLE NOTICE OF VIOLATION-10/27/2016



STATE OF MICHIGAN
DEPARTMENT OF ENVIRONMENTAL QUALITY
KALAMAZOO DISTRICT OFFICE



RICK SNYDER
GOVERNOR

C. HEIDI GRETHER
DIRECTOR

October 27, 2016

CERTIFIED MAIL – RETURN RECEIPT REQUESTED

Mr. Jason Roughton
RJ Industrial Recycling
5061 Energy Drive
Flint, Michigan 48505

SRN: U13080312, Calhoun County

Dear Mr. Roughton:

## VIOLATION NOTICE

On October 25, 2016, the Department of Environmental Quality (DEQ), Air Quality Division (AQD), conducted visible emission (VE) readings of RJ Industrial-Heavy Metal Scrap (Facility), located at 989 North Raymond Road, Battle Creek, Michigan. The purpose of this site visit was to determine the Facility's compliance with the requirements of the federal Clean Air Act; Part 55, Air Pollution Control, of the Natural Resources and Environmental Protection Act, 1994 PA 451, as amended (Act 451); the Air Pollution Control Rules; and Administrative Consent Order EPA No. 5-15-113(a)-MI-02.

Based on AQD staff observations on October 25, 2016, the following air pollution violations were identified:

| Process Description | Rule/Permit Condition Violated | Comments |
|---|---|---|
| Torch cutting of scrap metal | Rule 301(1)(a) | Smoke from torch cutting operations exceeded both the 6-minute average of 20% and the one 6-minute average exception per hour of not more than 27% opacity. |
| Torch cutting of scrap metal | Administrative Consent Order EPA No. 5-15-113(a)-MI-02, Paragraph 23 | Opacity exceedances show a lack of or insufficient training of employees. |
| Torch cutting of scrap metal | Administrative Consent Order EPA No. 5-15-113(a)-MI-02, Appendix A, Paragraph 8 | Operators torching materials resulting in visible emissions in excess of opacity limit in Rule 301(1)(a). |
| Torch cutting of scrap metal | Administrative Consent Order EPA No. 5-15-113(a)-MI-02, Appendix A, Paragraph 10 | Available SPARCS unit was not being used during visible emission |

Mr. Jason Roughton
Page 2
October 27, 2016

|  |  | observations by AQD staff. |
|---|---|---|
| Torch cutting of scrap metal | Administrative Consent Order EPA No. 5-15-113(a)-MI-02, Appendix A, Paragraph 19 | Available SPARCS unit was not being used during visible emission observations by AQD staff. |

Enclosed are copies of the instantaneous and six minute average readings taken on October 25, 2016, from 8:16 a.m. to 8:30 a.m., and from 10:10 a.m. to 10:18 a.m. by Method 9 analysis. It should be noted that this was not the only times that opacity was witnessed by AQD staff on this date, but rather the times it was read and documented by Method 9 analysis.

The cited is enforceable per DEQ, AQD Rule 301 (R336.1301), and Administrative Consent Order EPA No. 5-15-113(a)-MI-02, Paragraph 23; Appendix A, Paragraphs 8, 10, and 19 in the following manner:

> Rule 301(1)(a) states: "A person shall not cause or permit to be discharged into the outer air from a process or process equipment a visible emission of a density greater than a 6-minute average of 20% opacity, except for one 6-minute average per hour of not more than 27% opacity." During the visible emissions readings, the maximum six minute opacity reading was 42.3 percent.

> Paragraph 23 of the Consent Order requires, "a training program and shall require all of its employees who conduct torch cutting, in addition to the appropriate supervisors and managers, to complete training on all aspects of the best management practices for torch cutting as described in Appendix A." Based on AQD staff observations, the torch cutting operators are not properly trained, or they are ignoring the training content and site management is not enforcing the standards.

> Appendix A, Paragraph 8, states: "RJ shall ensure that its employees are aware of what materials are likely to produce higher VEs when torch cut and shall develop protocols to manage VEs when cutting those materials." Based on AQD staff observations, awareness of materials that produce higher VEs was either unknown or ignored by the torch operator.

> Appendix A, Paragraph 10, states: "RJ shall utilize the SPARCS units, which are designed to reduce opacity from torch-cutting operations." Based on AQD staff observations on October 25, 2016, the torch cutting operations were operating without the use of the available SPARCS equipment.

> Appendix A, Paragraph 19, states: "RJ shall conduct torch cutting in a SPARCS unit at any time when, due to the scraps metallurgical properties and size, emissions are

Mr. Jason Roughton
Page 3
October 27, 2016

    expected to exceed the VE limit in R336.1301 (1)(a) of the Michigan SIP." Visible emission observations by AQD staff demonstrate that torch cutting operations exceeded the allowable opacity limit under Rule 301(1)(a), and no apparent effort was made by the Facility to utilize available SPARCS equipment.

Please initiate actions necessary to correct the cited violations and submit a written response to this Violation Notice by November 17, 2016 (which coincides with 21 calendar days from the date of this letter). The written response should include: the dates the violations occurred; an explanation of the causes and duration of the violations; whether the violations are ongoing; a summary of the actions that have been taken and are proposed to be taken to correct the violations and the dates by which these actions will take place; and what steps are being taken to prevent a reoccurrence.

If the Facility believes the above observations or statements are inaccurate or do not constitute violations of the applicable legal requirements cited, please provide appropriate factual information to explain your position.

Thank you for your attention to resolving the violations cited above. If you have any questions regarding the violations or the actions necessary to bring this Facility into compliance, please contact me at the telephone number listed below.

                                    Sincerely,

                                    Rex I. Lane
                                    Senior Environmental Quality Analyst
                                    Air Quality Division
                                    269-567-3547

RIL:CF

Enclosures

cc: Ms. Sarah Marshall, USEPA
    Mr. Raymond Cullen, USEPA
    Ms. Lynn Fiedler, DEQ
    Ms. Mary Ann Dolehanty, DEQ
    Mr. Christopher Ethridge, DEQ
    Mr. Thomas Hess, DEQ
    Ms. Mary Douglas, DEQ